IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRAVIS RYAN YOUNG, | ) | Bankruptcy Case No. 17-30163-HCM |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| PAMELA YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Case No. 17-03010 |
| | ) | |
| TRAVIS RYAN YOUNG, Individually, | ) | |
| And d/b/a PREMIER BUILDERS, | ) | |
| | ) | |
| Defendant. | ) | |

**KEITH YOUNG'S RESPONSE AND OBJECTION TO PLAINTIFF'S SECOND MOTION TO COMPEL AND FOR SANCTIONS**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Comes now Keith Young ("Keith"), through his attorneys of record Miranda & Maldonado, P.C., and files this *Response and Objection to Plaintiff's Second Motion to Compel and for Sanctions* (the "*Response*").

**I. Response & Objection to Motion**

Plaintiff Pamela Young alleges as follows in her *Second Motion to Compel and for Sanctions* (the "*Motion*") -

*A. The Debtor Files Bankruptcy and Testifies That His Father, Keith Young, Provided Most of the Financing for the Debtor's Business*

1.      Keith admits the assertions contained in **Paragraph 1** of the *Motion* that his son Travis Ryan Young ("Travis") filed a *Voluntary Petition for Relief* under Chapter 7 of the Bankruptcy Code.

2.      Keith can neither admit nor deny as to what Travis testified to in the April 4, 2017 *Rule 2004 Examination* (the "*2004 Exam*") as referenced in **Paragraph 2** of the *Motion*. Keith was not present at the *2004 Exam*, was not the subject of the *2004 Exam*, and has not reviewed the *2004 Exam*. Moreover, even had he reviewed the *Transcript* attached to the *Motion*, he is not qualified to opine as to the legal consequences of Travis' testimony. Nevertheless, Keith does not otherwise dispute the contents of the *Transcript* attached to the *Motion*. Keith admits that he has provided financing to Travis for his construction projects, that he would charge him a fee on occasion, sometimes interest, or sometimes no charge, and that he provided Travis with monthly support, on occasion $3,000.00 per month, on other occasions, less.

   ***B. Plaintiff Files this Adversary and Serves a Subpoena and Third Party Request for Production to Keith Young***

3.      Keith admits the assertions contained in **Paragraph 3** of the *Motion*.

4.      Keith admits the assertions contained in **Paragraph 4** of the *Motion*.

5.      Keith admits the assertions contained in **Paragraph 5** of the *Motion*.

   ***C. Keith Young Fails and Refuses to Comply with Subpoena and Plaintiff Files Her First Motion to Compel, for Contempt, and for Sanctions***

6.      Keith admits the assertions contained in **Paragraph 6** of the *Motion*.

7.      Keith admits the assertions contained in **Paragraph 7** of the *Motion*.

8.      Keith admits the assertions contained in **Paragraph 8** of the *Motion*.

9.      Keith admits the assertions contained in **Paragraph 9** of the *Motion*.

10. Keith admits the assertions contained in **Paragraph 10** of the *Motion*.

### D. The Court Orders Keith Young to Comply with the Subpoena and Keith Young Fails to Do So

11. Keith admits the assertions contained in **Paragraph 11** of the *Motion*.

12. Keith admits the assertions contained in **Paragraph 12** of the *Motion*.

13. In response to the assertions contained in **Paragraph 13** of the *Motion*, Keith would represent that he produced what was in his possession. Keith did present the required tax returns, and he admits that he did produce them with redactions. Keith would represent that the reason he produced redacted versions is because he is extremely concerned that information on this tax returns relating to his wife, Lisa Young, would be divulged to his sister, the Plaintiff Pamela Young. Keith and his sister have an estranged relationship. Keith is not a party to the pending litigation. In short, to divulge this sensitive, personal, information to his sister for the purposes of hurting his son has caused him extreme stress and anxiety. Though Keith's counsel had informed to him that the production would be protected, and that his sister's attorney would have to obtain permission from the Court to actually copy and retain any parts of the tax returns, he could not previously overcome his anxiety.

Nevertheless, after continuing discussions with his Counsel, Keith has agreed to provide the tax returns for Mr. Haugland's inspection on Thursday, February 8, 2018 at 9:00 a.m. at Miranda & Maldonado, P.C. This decision is not as a result of this *Motion*, but as a result of wanting to comply with this Court's prior *Orders*. Moreover, his attorney has assured him that all confidentiality will be maintained and the information relating to his wife will not be divulged to third-parties other than as ordered by this Court.

14.     In response to **Paragraph 14** of the *Motion*, Keith was not able to provide the *Sworn Written Response to the Subpoena* because of the redacted tax returns and did not want to make any misrepresentations to this Court which would be interpreted as perjury by his sister, the Plaintiff. Keith is now prepared to provide the *Sworn Written Response to the Subpoena* to comply with this Court's *Orders*.

15.     Keith objects to the assertions in **Paragraph 15** of the *Motion*.

16.     No response is necessary to the assertions in **Paragraph 16** of the *Motion*.

17.     Keith objects to the request in **Paragraph 17** of the *Motion* as such sanctions are not necessary.

18.     Keith objects to the assertions in **Paragraph 18** of the *Motion* as such sanctions are not necessary.

19.     Keith objects to the demands in **Paragraph 19** of the *Motion* and a finding of contempt is not necessary as he has complied, and continues to attempt to comply.

20.     Keith objects to the narrative in **Paragraph 20** of the *Motion*, *i.e.*, that he, and the related Parties, have failed to meaningfully participate in discovery.

21.     Keith objects to the narrative in **Paragraph 21** that the Debtor, Debtor's wife, and himself have all failed and refused to meaningfully participate in discovery in this bankruptcy matter and in the related adversary proceeding. Since the retention of current counsel, Keith and the related Parties have sought to meaningfully participate in the discovery process. Keith agrees that "bankruptcy relief is a privilege and the Debtor has an 'affirmative duty…to provide books and records 'accurate documenting his financial affairs'". (*citations omitted*). Keith further objects to the allegation in **Paragraph 21** that "[d]espite this duty, the Debtor and his family are

engaging in a conspiracy to hide documents related to the Debtor's financial affairs".

The Parties seek to hide nothing.

WHEREFORE, PREMISES CONSIDERED, Keith Young, Respondent herein, requests that this Court deny all relief requested in the *Motion*, including any further deadlines for production of discovery, any attorney's fees, or a finding of contempt.

Respectfully submitted

**MIRANDA & MALDONADO, P.C.**
/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda, Esq.
Carlos G. Maldonado, Esq.
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912
(915) 587-5000 (Telephone)
(915) 587-5001 (Facsimile)
**cmiranda@eptxlawyers.com**
**cmaldonado@eptxlawyers.com**

## CERTIFICATE OF SERVICE

I certify that on the 6th day of February 2018, a copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas to the Parties listed in *Creditor Matrix* as well as to the following Parties-in-Interest:

/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda, Esq.
Attorney for Keith Young